◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PETER RISPOLE, Appellant.— Appeal by defendant from a judgment of the County Court, Westchester County, rendered May 12, 1966, convicting him of perjury in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. At the trial, evidence was admitted which had been obtained as a result of a wiretap carried out pursuant to an eavesdropping order. The factual content of the affidavits submitted in support of the order merely recited that one of the affiants, Alleyne, had entered the premises in which the tapped telephone was located and placed a policy bet with one "Pete Greco". There was nothing in the affidavits to indicate Greco's relationship to the premises or to the telephone and nothing to indicate that a telephone was being used to further any gambling. For all that was stated in the affidavits, it was very possible that the tapped telephone had no relation to Greco or to the gambling activity evidenced by Alleyne's wager. Under the circumstances, the affidavits were patently insufficient in that they failed to specify facts " on which the Judge exercising a discretion could act " (*People* v. *McCall*, 17 N Y 2d 152, 157). Respondent contends that since no objection was made prior to trial, appellant waived his right to a subsequent review of the wiretap orders. (There were two orders; an original and an extension thereof.) This contention is without merit. Prior to trial, appellant moved to inspect, *inter alia,* the wiretap orders and papers submitted in support thereof. In denying that motion, the court explicitly recognized that the procedure regarding pretrial review of wiretap orders was in an unsettled state and treated the motion to inspect as such pretrial review. The court expressly held that the orders were issued upon reasonable grounds. Therefore, it is

obvious that appellant did challenge the orders prior to trial, at least to the extent allowed by the court at that time. Christ, Acting P. J., Rabin and Hopkins, JJ., concur; Munder, J., dissents and votes to affirm the judgment. (Beldock, P. J., deceased.)